ORDER DENYING CERTIFICATE OF APPEALABILITY *
George Ochoa, an Oklahoma prisoner sentenced to death in 1996, seeks a certificate of appealability (COA) to appeal the district court’s denial of a habeas petition challenging his competency to be executed under Ford v. Wainwright, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986), and Panetti v. Quarterman, 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007). He has also moved for a stay of his execution, scheduled for December 4, 2012. We deny a COA, dismiss the appeal, and deny a stay as moot.
BACKGROUND
The details of Mr. Ochoa’s crimes have been recited elsewhere, see Ochoa v. State, 963 P.2d 583 (Okla.Crim.App.1998) (affirming conviction and sentence), and are not germane to this proceeding. He has unsuccessfully sought federal habeas relief in two prior petitions, the first raising numerous challenges to his conviction and sentence, see Ochoa v. Gibson, No. 5:99-ev-00538-R (W.D.Okla. Dec. 19, 2001), aff'd, Ochoa v. Workman, 451 Fed.Appx. 718 (10th Cir.2011), and the second challenging his death sentence under Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), on the basis that he is mentally retarded, see Ochoa v. Sirmons, *707 No. 5:06-cv-01348-R (W.D.Okla. March 10, 2010), aff'd, Ochoa v. Workman, 669 F.3d 1130 (10th Cir.2012), cert. denied, — U.S. -, 133 S.Ct. 321, 184 L.Ed.2d 190 (2012). On October 10, 2012, following the denial of certiorari with respect to the second habeas petition, the Oklahoma Court of Criminal Appeals set Mr. Ochoa’s execution for December 4, 2012.
On November 20, 2012, counsel for Mr. Ochoa sent a letter to interim Warden Trammell expressing concern about Mr. Ochoa’s sanity. Counsel requested that the warden exercise her statutory authority to notify the district attorney that there was good reason to believe Mr. Ochoa is insane, triggering initiation of a jury proceeding to determine his competency to be executed under Okla. Stat. Ann. tit. 22, § 1005.[1] In support of this request, counsel attached a short report prepared by an investigator summarizing a recent meeting he and the investigator had with Mr. Ochoa, which recited some odd behavior by Mr. Ochoa.[2] He also attached Mr. Ochoa’s prison mental health records for the past year, which likewise recounted some abnormal behavior but did not reflect any diagnoses or clinical impressions of insanity.[3] Counsel did not attach any expert opinion questioning Mr. Ochoa’s sanity, despite the fact that he had recently secured a psychological examination of Mr. Ochoa.[4]
When the Warden did not respond, counsel sent another letter on November 27, 2012, inquiring how she intended to proceed. Counsel commenced this habeas proceeding the next day, before receiving the Warden’s reply dated November 29, 2012. The Warden noted she had interviewed Mr. Ochoa on November 29, 2012, and he had confirmed he understood he was to be executed for his crime of murder and understood the meaning of the execution. The Warden found no good reason to believe he had become insane and, hence, no basis to initiate proceedings under § 1005. At no point has Mr. Ochoa petitioned the state courts for a writ of mandamus to review the circumstances and direct the Warden to initiate competency proceedings, though precedent for just such judicial review was established earlier this year. See Allen v. Workman, 500 Fed.Appx. 708, 709-11 (10th Cir.2012) (discussing state courts’ mandamus review of warden’s refusal to initiate competency proceedings in Allen v. Workman, No. MA-2012-307 (Okla.Crim.App. Apr. 10, *708 2012)), cert. denied, — U.S. -, 133 S.Ct. 593, 184 L.Ed.2d 389 (2012).
Mr. Ochoa raised two claims in his petition. First, he alleged that Oklahoma’s procedure for handling competency-to-be-executed claims is constitutionally deficient because it leaves the decision to the warden rather than the courts. He objected that the procedure “does not provide any recourse to prisoners such as Ochoa who disagree with the actions (or, in this case, the inaction) of the Warden; and it does not provide for any input from Ochoa or his representatives, nor any opportunity to discover or contest information considered by the Warden (or the District Attorney), nor even a way in which to determine if the Warden has followed any minimal procedural safeguards.” Habeas Petition at 22-23. Second, he alleged as a substantive matter that he is in fact incompetent to be executed. Id. at 25. After briefing by both parties, the district court denied the petition and the associated motion for stay of execution,[5] and declined to issue a COA. This appeal followed.
ASSESSMENT OF CLAIMS FOR COA
A COA is a jurisdictional prerequisite to our review. Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). A COA may issue “only if the applicant has made a substantial showing of the denial of a constitutional right.” 28 U.S.C. § 2253(c)(2). To satisfy this standard, the applicant “must demonstrate that reasonable jurists would find the district court’s assessment of the constitutional claims debatable or wrong.” Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Mr. Ochoa has failed to make such a showing.
A. Challenge to Oklahoma Procedure
This court’s recent decision in Allen rejected essentially the same challenge we face here regarding Oklahoma’s procedures for addressing a prisoner’s competency to be executed. See Allen, 500 Fed. Appx. at 710-12. We held in Allen that the state’s use of the warden as gatekeeper for the process was permissible in light of the availability of mandamus to provide judicial oversight of the warden’s performance of that critical role. Allen was not published, but we find its reasoning persuasive. See generally United States v. Scott, 529 F.3d 1290, 1299 n. 9 (10th Cir.2008) (noting that although unpublished decisions are not binding, they “may be relied upon for their persuasive value”). Mr. Ochoa has not offered any convincing basis for diverging from the reasoning and result in Allen.
Although he initially asserted only a facial challenge to the state procedures, after the respondent pointed out the contrary holding in Allen, Mr. Ochoa asserted an as-applied challenge to Warden Tram-mell’s failure to initiate incompetency proceedings under § 1005 in his particular case. To prevail on such a challenge, Mr. Ochoa must demonstrate that he offered evidence sufficient to make the “substantial threshold showing of insanity” that Panetti held was a legitimate precondition to the state’s duty to offer a hearing on a prisoner’s competency to be executed. See Panetti, 551 U.S. at 949-50, 127 S.Ct. 2842. As explained below in connection with Mr. Ochoa’s substantive competency claim, he clearly failed to do this.
*709 B. Substantive Claim of Incompetency to be Executed
We deem it beyond reasonable debate that the district court properly rejected Mr. Ochoa’s substantive claim of incompetency to be executed. Mr. Ochoa did not offer a single expert opinion to support his claim, despite obtaining a psychological examination. While certainly some abnormal behavior by Mr. Ochoa has been noted, there has been no observation of his inability to comprehend his imminent execution, let alone any diagnosis or clinical impression of insanity or incompetency. More specifically, there has been no showing that Mr. Ochoa’s rational understanding of his impending execution, and the reason for it, has been impaired. See Panetti, 551 U.S. at 956-60, 127 S.Ct. 2842 (discussing relevant competency inquiry for Ford claim). The record in this case does not remotely resemble that deemed sufficient as a threshold showing in Panet-ti, where four experts supported the petitioner’s claim. See id. at 954-55, 127 S.Ct. 2842. Even more telling, our record is substantially weaker than the record held plainly insufficient to support a Panet-ti/Ford claim in Allen, where the petitioner at least presented one expert opinion indicating temporary periods of insanity. Allen, 500 Fed.Appx. at 711-12.
Mr. Ochoa’s request for a COA is DENIED and this appeal is DISMISSED. The motion for stay of execution is DENIED as moot.
Mr. Ochoa is advised that any petition for panel or en banc rehearing must be filed by 2:00 pm MST today. See Fed. R.App. P. 2 (noting court may “suspend any provision” of the rules for good cause).

 This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

.Oklahoma Statute Title 22, § 1005, provides:
If, after his delivery to the warden for execution, there is good reason to believe that a defendant under judgment of death has become insane, the warden must call such fact to the attention of the district attorney of the county in which the prison is situated, whose duty is to immediately file in the district or superior court of such county a petition stating the conviction and judgment and the fact that the defendant is believed to be insane and asking that the question of his sanity be inquired into. Thereupon, the court must at once cause to be summoned and impaneled from the regular jury list a jury of twelve persons to hear such inquiry.

. Mr. Ochoa stated that he was being shocked all over his body throughout the day by some unnamed persons who appear to have some connection with at least one of the victims. He also indicated that he hears disembodied voices.

. Mr. Ochoa had been observed beating on or kicking his toilet, which at times he claimed was the source of the shocks and voices.

. Counsel states that Mr. Ochoa’s odd and uncooperative behavior impeded the psychologist’s efforts to gather data for an opinion on his mental condition. There is no explanation from counsel or, more importantly, the psychologist as to why a pertinent opinion could not have been provided on the basis of that very behavior.

. The district court noted that Mr. Ochoa had not exhausted his state mandamus remedy, but exercised its discretion under 28 U.S.C. § 2254(b)(2) to deny relief on the merits, as requested by the respondent. This merits disposition obviated any need to consider a stay of execution to permit exhaustion.